USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/23/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-

LAMONT EVANS, EMANUEL RICHARDSON,
a/k/a "Book," ANTHONY BLAND, a/k/a "Tony,"
CHRISTIAN DAWKINS, and MERL CODE,

        Defendants.
-----------------------------------------------------------------X

**Protective Order**
17 Cr. 684 (ER)

## AMENDED AND RESTATED PROTECTIVE ORDER

Ramos, D.J.:

      The protective order is hereby amended and restated in its entirety as follows:

      WHEREAS, the United States of America seeks to provide in unredacted form certain evidence pursuant to Rule 16 of the Federal Rules of Criminal Procedure; and

      WHEREAS, some material that the Government seeks to provide (i) contains sensitive information that affects the privacy and confidentiality, including personally identifiable information, of specific individuals; (ii) could jeopardize or impede, if prematurely disclosed, the Government's ongoing criminal investigations of additional uncharged individuals; and (iii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this action; and

      WHEREAS, the Government is willing, under the conditions set forth below, to produce such materials;

      IT IS HEREBY agreed, by and between the United States of America, Robert S. Khuzami, Acting United States Attorney, by Robert Boone, Edward B. Diskant, Noah D. Solowiejczyk, and Aline R. Flodr, Assistant United States Attorneys, of counsel, and defendants LAMONT EVANS, EMANUEL RICHARDSON, a/k/a "Book," ANTHONY BLAND, a/k/a "Tony," CHRISTIAN DAWKINS, and MERL CODE, by and through their respective counsel, that:

      1. (a) Any material (i) reflecting sensitive identification information (including, but not limited to, names, telephone numbers, addresses, email addresses, dates of birth, Social Security numbers, bank account information, credit card information, other sensitive financial information, and driver's license information) or (ii) that the Government designates, or previously has designated, as "Confidential Information" (which may include but is not limited to (a) material the disclosure of which the Government in good faith believes could jeopardize any ongoing criminal investigation or otherwise prejudice the due administration of justice or otherwise interfere with a fair trial, and (b) video recordings, photographs, audio recordings, judicially authorized wiretap recordings, wiretap applications, and line sheets and transcripts of judicially

authorized wiretap recordings) is deemed "Confidential Information" and shall be so identified by the Government.

      (b)      Any defendant may object to the designation pursuant to paragraph 1(a) of any material the Government designates, or previously has designated, as Confidential Information. In the event of such an objection, the Government and the defendant concerned shall meet and confer in an effort to resolve the issue. To whatever extent they fail to resolve the issue, the objector may file a motion for an order removing the designation from specified material. The Government thereupon will have the burden of justifying the continuation of that designation. The material shall remain designated as Confidential Information unless and until either (i) the Government and the defendant concerned agree otherwise or (ii) the Court rules to the contrary.

      2. Confidential Information disclosed to the defendants or to their counsel during the course of proceedings in this action:

      (a)      Shall be used by the defendants and their counsel only for purposes of preparing for and conducting pretrial proceedings, trial, and/or any appeal of this action;

      (b)      Shall be maintained in a safe and secure manner solely by the defendants and their counsel, and the Confidential Information and the contents thereof shall not be disclosed or otherwise shared in any form by the defendants or their counsel except as set forth in paragraph 2(c) below;

      (c)      May be disclosed by the defendants or their counsel only to the following persons (hereinafter "Designated Persons"):

      (i)      investigative, secretarial, clerical, and paralegal student personnel, or any interpreter or translator, employed full-time or part-time by the defendants' counsel;

      (ii)      independent expert witnesses, investigators, or advisors retained by the defendants' counsel in connection with this action;

      (iii)      potential witnesses, but only insofar as defense counsel may show the Confidential Information to potential witnesses without these individuals retaining copies of the Confidential Information; and

      (iv)      such other persons as hereafter may be authorized by the Court upon motion by the defendant; and

      (d)      All documents subject to this Protective Order must be destroyed or returned to the Government's attorneys at such time as they are not needed in this action, at the end of the criminal proceedings (including any appeal and related applications for

habeas corpus or any other collateral relief), or upon Order of the Court, whichever occurs first.

      3.     The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information pursuant to paragraph 2(c). Prior to disclosure of Confidential Information to Designated Persons, pursuant to paragraph 2(c), any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and providing such copy to the individual defendant's counsel, who shall retain such copy.

      4.     The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, or other pre-trial proceeding held in connection with the above-referenced action or to any District Judge or Magistrate Judge of this Court for purposes of the above-referenced action. Confidential Information should be redacted from any public court filings, however, or should be filed under seal.

      5.     The provisions of this Order shall not be construed as preventing defense counsel in this case and in the cases of *United States v. Chuck Connors Person et al.*, 17 Cr. 683 (LAP), and *United States v. James Gatto et al.*, 17 Cr. 686 (LAK), from sharing Confidential Information with each other.

      6.     With respect to Confidential Information, any filings with any court shall be governed by Rule 49.1 of the Federal Rules of Criminal Procedure.

SO ORDERED.

Dated: New York, New York
       March 23, 2018

                                                   Edgardo Ramos, U.S.D.J.